Dear Mrs. Frank,
The Attorney General has received your request for an official opinion asking, in effect:
 May an insurer, through a separate written endorsement which renders coverage void as to all persons except persons specifically named therein as insureds, limit liability coverage in a liability insurance policy issued to owners of motor vehicles, under the provisions of 47 O.S. 7-324 (1981)?
Under the provisions of Article III to the Highway Safety Code, 47O.S. 7-301 et seq. (1981), certain classes of persons are required to deposit security in order to be permitted to maintain registration of motor vehicles in their name. 47 O.S. 7-319 (1981). One permitted form of satisfying these security requirements is for such a person to obtain a "motor vehicle liability policy," as outlined in 47 O.S. 7-324 (1981). Of particular pertinence to your question is the following language from that statute:
 "(b) Owner's policy. Such owner's policy of liability insurance:
 "(1) Shall designate by explicit description or by appropriate reference all vehicles with respect to which coverage is thereby to be granted; and
 "(2) Shall insure the person named therein and any other person except as herein provided, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such vehicle, as follows:
 Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Twenty Thousand Dollars ($20,000.00) because of bodily injury to or death of two or more persons in any one accident, and Ten Thousand Dollars ($10,000.00) because of injury to or destruction of property of others in any one accident.
 "(c) May by agreement in a separate written endorsement between any named insured and the insurer exclude as insured any person or persons designated by name from coverage under the policy." (Emphasis added).
The provisions of 47 O.S. 7-324(c), above, were added by the 1980 Legislature in House Bill No. 235, and became effective January 1, 1981.See 1980 Okla. Sess. Laws, c. 235, 5, 15.
Prior to this 1981 amendment, 47 O.S. 7-324 contained no exclusionary provision such as presently authorized by subsection (c). The predecessor version of 47 O.S. 7-324 was reviewed as to a similar question in Attorney General Opinion No. 79-333, and found not to contemplate permitting the type of exclusionary endorsements referred to in your question. The rationale of that opinion was based upon a determination that the overriding purpose of the Financial Responsibility Act was to mandate liability coverage for vehicle owners responsible for injury or loss, and that endorsements limiting coverage as to such liability which were not expressly authorized by the Legislature contravened the public policies underlying the Act.
The addition of 47 O.S. 7-324(c) was examined in Attorney General Opinion No. 85-34, in reference to exclusionary endorsements designatingby name those persons not insured. That Opinion advised that such limited exclusionary endorsements were not permissible, due to the legislative enactment of subsection (c). Your inquiry, however, asks a different question, that of whether an insurer may exclude coverage for all persons except those specifically named as insureds on a separate endorsement.
Title 47 O.S. 7-324(b)(2) (1981) states specifically that policies covered under its breadth "shall insure the person named therein and any other person except as herein provided, as insured." The provisions of subsection (c) do not authorize exclusion of all persons other than those named as insured, but only the converse situation, where the persons desired excluded from the coverage are specifically indicated by name. Unless the exclusionary clause tracks the permissible language of subsection (c), it is void as against public policy. See, e.g., StateFarm Insurance Company v. Wendt, ___ P.2d ___, 56 O.B.A.J.2453 (Okla., October 22, 1985).
It is, therefore, the official opinion of the Attorney General that aninsurer may not limit liability coverage in a liability insurance policyissued to owners of motor vehicles under 47 O.S. 7-324 (1981) through aseparate written endorsement which renders coverage void as to allpersons except persons specifically named thereon as insureds. Theexclusionary endorsements referred to in 47 O.S. 7-324(c) (1981) may onlybe applied where the endorsement specifically states by name thosepersons not insured, and not the converse situation.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION